**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERTHA SONIA CASTILLON-CAMPOSANO, AKA Bertha Sonia Castillon Camposano, | No.   20-70558 |
| Petitioner, | Agency No. A072-810-969 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 23, 2023, Withdrawn January 24, 2023, Resubmitted March 23,
2023**
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Petitioner Bertha Castillon-Camposano ("Castillon-Camposano"), a citizen

of Peru, petitions for review of a Board of Immigration Appeals ("BIA") decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her motion to reopen *sua sponte*. We lack jurisdiction to review the BIA's discretionary denial of *sua sponte* relief. *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We dismiss Castillon-Camposano's petition.

1. We hold that the immigration courts did not lack jurisdiction due to an allegedly deficient Order to Show Cause ("OSC"). The holding in *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), does not apply to Castillon-Camposano, as we recognized in *Gutierrez-Alm v. Garland*, No. 17-71012, __ F.4th __, 2023 WL 2518338 (9th Cir. Mar. 15, 2023). In *Pereira*, the Supreme Court considered the requirements for a Notice to Appear under the Immigration and Nationality Act ("INA") after the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). The Court did not consider the pre-IIRIRA statutory scheme, which explicitly permitted the time and place of the hearing to be sent in a separate Notice of Hearing after the initial OSC. By contrast, the Notice to Appear in post-IIRIRA proceedings expressly requires the time and place of the hearing to be included in the initial document. *Compare* 8 U.S.C. § 1252b(a)(2)(A)(i) (1994), *with* 8 U.S.C. § 1229(a)(1)(G)(i)(2018).

2. We do not have jurisdiction to review the denial of a motion for *sua sponte* reopening by the BIA. Castillon-Camposano expressly sought to invoke the BIA's *sua sponte* authority so she could pursue other forms of relief.

**PETITION DISMISSED.**

2